UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
MEMPHIS DIVISION

LITICIA GASTON and
TIFFANY EDWARDS,

                                         CASE NO.:

    Plaintiffs,

v.

CREDIT ACCEPTANCE CORP.,

    Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, Plaintiffs, Liticia Gaston and Tiffany Edwards (hereinafter "Plaintiffs"), by and through the undersigned counsel, and sues Defendant, Credit Acceptance Corporation (hereinafter "Defendant"), and in support thereof respectfully alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA").

## INTRODUCTION

1.    The TCPA was enacted to prevent companies like Defendant from invading American citizen's privacy and to prevent abusive "robo-calls."

2.    "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

3.    "Senator Hollings, the TCPA's sponsor, described these calls as 'the **\*1256** scourge of modern civilization, they wake us up in the morning; they interrupt our

dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall." 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

4. According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaint to the FCC. There are thousands of complaints to the FCC every month on both telemarketing and robocalls. The FCC received more than 215,000 TCPA complaints in 2014." *Fact Sheet: Wheeler Proposal to Protect and Empower Consumers Against Unwanted Robocalls, Texts to Wireless Phones*, Federal Communications Commission, (May 27, 2015), https://apps.fcc.gov/edocs_public/attachmatch/DOC-333676A1.pdf.

## JURISDICTION AND VENUE

5. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA.

6. Subject matter jurisdiction, federal question jurisdiction, for purposes of this action is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; and this action involves violations of 47 U.S.C. § 227(b)(1)(A)(iii). See *Mims v. Arrow Fin. Servs., LLC*, S.Ct. 740, 748 (2012) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1249 (11th Cir. 2014).

7.     The alleged violations described herein occurred in Shelby County, Tennessee. Accordingly, venue is appropriate with this Court under 28 U.S.C. §1391(b)(2), as it is the judicial district in which a substantial part of the events or omissions giving rise to this action occurred.

## FACTUAL ALLEGATIONS

8.     Plaintiffs are natural persons, and citizens of the State of Tennessee, residing in Shelby County, Tennessee.

9.     Plaintiffs are the "called parties." See *Breslow v. Wells Fargo Bank, N.A.*, 755 F. 3d 1265 (11th Cir. 2014) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014).

10.     Defendant is a corporation with its principal place of business located at 25505 West Twelve Mile Road, Southfield, Michigan 48034, and which conducts business in the State of Tennessee through its registered agent, Corporation Service Company, located at 2908 Poston Avenue, Nashville, Tennessee 37203-1312.

11.     Defendant called the Plaintiffs each approximately one hundred fifty (150) times in an attempt to collect on a loan associated with a 2006 Toyota Corolla.

12.     Upon information and belief, some or all of the calls Defendant made to the Plaintiffs' cellular telephone numbers were made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator (including but not limited to a predictive dialer) or an artificial or pre-recorded voice; and to dial such numbers as specified by 47 U.S.C § 227(a)(1) (hereinafter "auto-dialer calls"). Plaintiffs will testify

that they each knew it was an auto-dialer because of the vast number of calls they received and because they heard a pause when they answered their phones before a voice came on the line; additionally, the Plaintiffs received multiple pre-recorded messages on their voicemails from Defendant.

13.     Plaintiff, Liticia Gaston, is the subscriber, regular user and carrier of the cellular telephone number (901) ***-2678 and was the called party and recipient of Defendant's calls to that number.

14.     Plaintiff, Tiffany Edwards, is the subscriber, regular user and carrier of the cellular telephone number (901) ***-2644 and was the called party and recipient of Defendant's calls to that number.

15.     Defendant placed hundreds of auto-dialed calls to Plaintiffs' aforementioned cellular telephone numbers in an attempt to collect on an auto loan.

16.     On several occasions since the Defendant's campaign of harassing phone calls began in 2018, the Plaintiffs have each instructed Defendant's agent(s) to stop calling their cellular telephone numbers. Soon after the calls began both Plaintiffs asked Defendant's agents to "stop calling" during recorded collection calls. Further, Plaintiff, Liticia Gaston, asked the Defendant to again stop calling in mid-May 2018.

17.     Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice to individuals just as they did to the Plaintiffs' cellular telephone numbers in this case.

18.     Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, just as they did to the Plaintiffs' cellular

4

telephone numbers in this case, with no way for the consumer, Plaintiffs, or Defendant to remove the cellular telephone numbers.

19.    Defendant's corporate policy is structured so as to continue to call individuals like Plaintiffs, despite these individuals explaining to Defendant they do not wish to be called.

20.    Defendant has numerous other federal lawsuits pending against them alleging similar violations as stated in this Complaint.

21.    Defendant has numerous complaints against it across the country asserting that its automatic telephone dialing system continues to call despite being requested to stop.

22.    Defendant has had numerous complaints against it from consumers across the country asking to not be called, however Defendant continues to call these individuals.

23.    Defendant's corporate policy provided no means for Plaintiffs to have their cellular telephone numbers removed from Defendant's call list.

24.    Defendant has a corporate policy to harass and abuse individuals despite actual knowledge the called parties do not wish to be called.

25.    Not one of Defendant's telephone calls placed to Plaintiffs were for "emergency purposes" as specified in 47 U.S.C. § 227(b)(1)(A).

26.    Defendant willfully and/or knowingly violated the TCPA with respect to Plaintiffs.

27.     From each and every call placed without express consent by Defendant to Plaintiffs' cellular telephones, Plaintiffs suffered the injury of invasion of privacy and the intrusion upon their right of seclusion.

28.     From each and every call without express consent placed by Defendant to Plaintiffs' cellular telephones, Plaintiffs suffered the injury of the occupation of their cellular telephone lines and cellular telephones by unwelcome calls, making the cellular telephones unavailable for legitimate callers or outgoing calls while the cellular telephones were ringing from Defendant's calls.

29.     From each and every call placed without express consent by Defendant to Plaintiffs' cellular telephones, Plaintiffs suffered the injury of unnecessary expenditure of their time. For calls they answered, the time they spent on the call was unnecessary as they had repeatedly asked for the calls to stop. Even for unanswered calls, Plaintiffs had to waste time to unlock their cellular telephones and deal with missed call notifications and call logs that reflect the unwanted calls. This also impaired the usefulness of these features of Plaintiffs' cellular telephones, which are designed to inform the user of important missed communications.

30.     Each and every call placed without express consent by Defendant to Plaintiffs' cellular telephones was an injury in the form of a nuisance and annoyance to the Plaintiffs. For calls that were answered, Plaintiffs had to go to the unnecessary trouble of answering them. Even for unanswered calls, Plaintiffs had to waste time to unlock their cellular telephones and deal with missed call notifications and call logs that reflected the unwanted calls. This also impaired the usefulness of these features of

Plaintiffs' cellular telephones, which are designed to inform the user of important missed communications.

31.     Each and every call placed without express consent by Defendant to Plaintiffs' cellular telephones resulted in the injury of unnecessary expenditure of Plaintiffs' cellular telephone's battery power.

32.     Each and every call placed without express consent by Defendant to Plaintiffs' cellular telephones where a voice message was left which occupied space in Plaintiffs' cellular telephones or network.

33.     Each and every call placed without express consent by Defendant to Plaintiffs' cellular telephones resulted in the injury of a trespass to Plaintiffs' chattel, namely their cellular telephones and their cellular telephone services.

34.     As a result of the calls described above, Plaintiff, Liticia Gaston, suffered an invasion of privacy. Plaintiff was also affected in a personal and individualized way by stress, nervousness, embarrassment, and aggravation.

35.     As a result of the calls described above, Plaintiff, Tiffany Edwards, suffered an invasion of privacy. Plaintiff was also affected in a personal and individualized way by stress, nervousness, embarrassment, and aggravation.

## COUNT I
**(Violation of the TCPA for calls to 901-***-2678)**

36.     Plaintiff, Liticia Gaston, fully incorporates and re-alleges paragraphs one (1) through thirty-five (35) as if fully set forth herein.

7

37.     Defendant willfully violated the TCPA with respect to calls to 901-***-2678, specifically for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified Defendant that Plaintiff wished for the calls to stop.

38.     Defendant repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Credit Acceptance Corporation for statutory damages, punitive damages, actual damages, treble damages, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## <u>COUNT II</u>
### (Violation of the TCPA for calls to 901-***-2644)

39.     Plaintiff, Tiffany Edwards, fully incorporates and re-alleges paragraphs one (1) through thirty-five (35) as if fully set forth herein.

40.     Defendant willfully violated the TCPA with respect to calls to 901-***-2644, specifically for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified Defendant that Plaintiff wished for the calls to stop.

41.     Defendant repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Credit Acceptance Corporation for statutory damages, punitive damages, actual damages, treble damages, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

Respectfully submitted,

*/s/Frank H. Kerney, III, Esquire*
Frank H. Kerney, III, Esquire
BPR #: 035859
Morgan & Morgan, Tampa, P.A.
One Tampa City Center
201 North Franklin Street, 7th Floor
Tampa, FL 33602
Telephone: (813) 223-5505
Facsimile:  (813) 223-5402
fkerney@forthepeople.com
jkneeland@forthepeople.com
snazario@forthepeople.com
*Counsel for Plaintiff*